UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REX ALAN PRATT,

    Plaintiff,

  v.                                              CAUSE NO. 3:21-CV-913 DRL-MGG

LOGANSPORT POLICE DEPARTMENT
*et al.*,

    Defendants.

OPINION AND ORDER

Rex Alan Pratt, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Pratt alleges that he was sleeping in his car in a municipal parking lot on October 18, 2021. The window was open, and Logansport Police Officer Bryce Hall approached, reached in the vehicle, and opened the door. Two other officers grabbed Mr. Pratt and lifted him out of the vehicle before forcing him to the ground. Mr. Pratt's mouth slammed on the asphalt, causing a tooth to break. He was forced into "hog-tie" position. Officer Hall then punched Mr. Pratt with a closed fist on the side of his mouth. He was

then yanked back to his feet and guided to walk backwards. An officer told Mr. Pratt that, if he did not stop talking, he would have another officer use a TASER on him. Mr. Pratt said "then tase," and an application was made. Mr. Pratt was arrested and charged with battery with bodily injury to a public safety officer. *State v. Pratt*, No. 09C01-2110-F5-000060. The charge remains pending. Officers claimed he had been honking the horn for several hours, but Mr. Pratt disputes this allegation.

Mr. Pratt claims that he was just sleeping, and the officers lacked probable cause to initiate the encounter. Probable cause, however, was not necessary for officers to approach Mr. Pratt's vehicle, wake him up, ensure he was alright, or ask him a few questions. *Long v. United States*, 847 F.3d 916, 921 (7th Cir. 2017) ("Because a 'seizure does not occur simply because a police officer approaches an individual and asks a few questions,' this encounter did not implicate the Fourth Amendment."); *Woods v. Vill. of Bellwood*, 502 F. Supp. 3d 1297, 1307 (N.D. Ill. 2020) ("The police are allowed to check on incapacitated people in vehicles in public places without running afoul of the Constitution."). Therefore, Mr. Pratt may not proceed on his claim that officers needed probable cause to initiate their encounter with him on October 18, 2021.

Mr. Pratt also alleges that Bryce Hall used excessive force against him when he punched him while he was bound. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without

2

regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id*. An officer's use of force is unreasonable if, judging from the totality of the circumstances at the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009). "Factors relevant to the reasonableness inquiry include . . . whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Giving Mr. Pratt the inferences to which he is entitled at this stage, he states a plausible Fourth Amendment claim against Officer Hall.

Mr. Pratt also names Jonathan Flory and Carrie Wammack as defendants. However, the complaint makes no other mention of them. A lawsuit pursuant to § 1983 against an individual requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). Mr. Pratt has not explained what role, if any, Jonathan Flory and Carrie Wammack played in the incident he describes. Therefore, he may not proceed against them.

Finally, Mr. Pratt has sued the Logansport Police Department. The police department is not a person or a policy-making unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Mr. Pratt cannot proceed against the Logansport Police Department.

For these reasons, the court:

(1) GRANTS Rex Alan Pratt leave to proceed against Bryce Hall in his individual capacity for compensatory and punitive damages for punching him in the face while he was bound, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Jonathan Flory, Carrie Wammack, and Logansport Police Department;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Bryce Hall at Logansport Police Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Logansport Police Department to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Bryce Hall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 25, 2022                               *s/ Damon R. Leichty*
                                               Judge, United States District Court